Plaintiff-appellant, Cuyahoga Support Enforcement Agency, (hereinafter "appellant") appeals from the order of the trial court which ordered that genetic testing be performed to determine whether defendant-appellee, Ramon Vasquez, (hereinafter "appellee") is the natural father of Joshue Vasquez.
On May 7, 1996, a complaint to establish paternity was filed by the State of Ohio, Cuyahoga Child Support Enforcement Agency, Madeline Nunez and Joshue Nunez in the Cuyahoga County Court of Common Pleas, Juvenile Division. The complaint alleged that the appellee was the father of Joshue Nunez, who was born March 1, 1991 of Madeline Nunez. On May 20, 1997, the trial court determined, subsequent to an evidentiary hearing, that the appellant was the father of Joshue Nunez. The court's determination was not premised on the results of genetic testing or any other scientific evidence linking the appellee to Joshue, but rather was based on the "testimony offered and the arguments of counsel." The court ordered that the appellant pay $54.44 per week in child support and $7,997.44 as past support. Additionally, the trial court ordered that Joshue Nunez's last name be changed to Vasquez. The appellee was not present at the May 20, 1997 evidentiary hearing.
On March 18, 1998, the appellant filed a motion to show cause against Vasquez as a result of his failure to comply with the trial court's support order. In this motion the appellant alleged that the appellee had failed to pay child support in contravention of the trial court's order.
On August 12, 1998, the trial court ordered that genetic testing be performed to confirm that the appellee was the father of Joshue. It is not readily apparent from the record what motivated the trial court to order that genetic testing be performed at this stage of the proceedings. In the same judgment entry in which the trial court ordered that genetic testing be performed, it issued a stay on all pending motions, including the appellant's motion to show cause. On November 20, 1998, the trial court granted the appellant's motion for stay of case pending a ruling by this court on the appeal filed by the appellant challenging the authority of the trial court to sua sponte order that genetic testing be performed.
The appellant submits a singular assignment of error for our review:
 I. THE JUVENILE COURT ACTED WITHOUT JURISDICTION, OUTSIDE BOTH THE CIVIL RULES OF PROCEDURE AND ITS OWN LOCAL RULES, AND VIOLATED THE PARTIES (SIC) DUE PROCESS RIGHTS BY SUA SPONTE ORDERING GENETIC TESTING FIFTEEN MONTHS AFTER IT DETERMINED THAT A PARENT-CHILD RELATIONSHIP EXISTED BETWEEN RAMON VASQUEZ AND JOSHUA NUNEZ.
In Cuyahoga Support Enforcement Agency v. Guthrie (1999),84 Ohio St.3d 437, the Ohio Supreme Court decided an issue similar to that presented to this court in the case sub judice. InGuthrie, a putative father petitioned a trial court for relief from a support order after genetic testing was conducted which conclusively excluded him as the biological father of the minor child in question. The Court held that, although relief was not available under a Civ.R. 60(B) motion for relief from judgment, "[p]ursuant to R.C. 3111.16, a juvenile court has continuing jurisdiction over all judgments or orders issued in accordance with R.C. 3111.01 to 3111.19, which includes judgments or orders that concern the duty of support or involve the welfare of a minor child." Id. at 444. The trial court in this case found it necessary to order genetic testing, presumably because the judge felt that the issue of parentage needed to be resolved with some degree of finality. In applying the standard enunciated by the Supreme Court in Guthrie, it is clear that the trial court did in fact have continuing jurisdiction over its earlier entered support order and was, therefore, not precluded from ordering the genetic testing. The holding in Guthrie does not limit the continuing jurisdiction of the juvenile court to those instances where a party moves the court for relief from an earlier entered order. Thus, the appellant's emphasis on the fact that the genetic test order in the instant case was issued sua sponte, is misplaced. The court was not acting outside of its scope of authority regardless of whether a motion for relief was ever filed.
The appellant's concern with the delay in due process is similarly misplaced. The record indicates that prior to the order for genetic testing being entered by the court, the appellant had voluntarily entered an appearance in the case and that counsel had been appointed by the court to represent him in the proceedings. The requisite testing could have been completed in a relatively short period of time. Certainly, the genetic testing could have been concluded in far less time than it has thus far taken the appellant to prosecute this appeal. This assignment of error is not well-taken.
For the foregoing reasons, the order of the trial court is affirmed. Case to proceed to final adjudication on the merits.
It is ordered that appellee recover of appellants his costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court — Juvenile Court Division to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ROCCO, P.J., and BLACKMON, J., CONCUR.
 ______________________________ MICHAEL J. CORRIGAN JUDGE